Fred D. KIDDER, III; and Diann K. Kidder, Petitioners–Appellees,

v.

CHAFFEE COUNTY BOARD OF EQUALIZATION, Respondent–Appellant,

and

Board of Assessment Appeals, Appellee.

No. 10CA2462.

Colorado Court of Appeals, Div. III.

Nov. 10, 2011.

No Appearance for Petitioners–Appellees.

Jennifer A. Davis, County Attorney, Salida, Colorado, for Respondent–Appellant.

Opinion by Judge FOX.

Chaffee County Board of Equalization (BOE) appeals an order of the Board of Assessment Appeals (BAA) reducing the 2009 tax year value of a vacant land parcel in Buena Vista, Colorado (the property). The BOE contends that the BAA's order fails to comply with the time adjustment requirements of section 39–1–104(10.2) (a) and (d), C.R.S.2011. Because the statutory language clearly imposes a duty to value property using a time adjustment analysis, we reverse the order and remand for further proceedings consistent with this opinion.

## I.  Background and Procedural History

Fred D. Kidder III and Diann K. Kidder (the taxpayers) own the property in question. The Chaffee County Assessor originally assigned a 2009 tax year value of $146,484 to the property. The taxpayers filed a petition with the BOE challenging the valuation. Following the BOE's denial of the petition, the taxpayers appealed to the BAA.

Before the BAA, the taxpayers requested that the property's actual value for the 2009 tax year be set at $76,199. Relying on an appraisal and a time adjustment analysis by the County Assessor, which takes into account the shift in market conditions over time, the BOE requested that the $146,484 assigned value be reduced to $144,000. The BOE's appraisal was based on three comparable sales ranging in price, before adjustments, from $120,000 to $186,500. In determining the market adjustment for time, the BOE applied a sales ratio trend analysis, one of four techniques recommended by the Property Tax Administrator in the Assessor's Reference Library Manuals. After the BOE's adjustments, the comparable sales ranged from $141,098 to $146,481. The taxpayers relied on three comparable auction sales ranging in price from $88,000 to $120,000; these comparable sale prices were not adjusted for time.

The BAA "gave little weight" to the taxpayers' valuation because the auction sales were not arm's length transactions. The BAA instead relied on two of the three BOE comparable sales, rejecting the third sale because it found that the buyer paid a premium. However, in calculating its valuation of the property, the BAA removed the BOE's time adjustment to the two comparable sales, explaining that the time adjustment was determined using land sales "that may not have been representative of the property's area." After removing the BOE's time adjustment, the BAA did not apply any alternative time adjustment analysis to the comparable sales. As a result, the BAA valued the property at $131,000, the average of the two comparable sales without a time adjustment.[1]

## II.  Standard of Review

The BOE may seek review of procedural or legal errors within thirty days of the BAA's decision. § 39–1–108(2), C.R.S.2011. Because the BOE filed its notice of appeal within the thirty-day period, we review the BAA's decision for procedural or legal errors.

---

1. Before the BAA, the taxpayers also argued that present worth discounting should be applied to the property. The BAA ultimately agreed with the BOE's approach on this issue, and taxpayers do not challenge it on appeal here.

In a BAA proceeding, a taxpayer must prove by a preponderance of the evidence that the assessor's valuation is incorrect. *Bd. of Assessment Appeals v. Sampson,* 105 P.3d 198, 204 (Colo.2005). We review an administrative agency's conclusions of law de novo. *Davison v. Indus. Claim Appeals Office,* 84 P.3d 1023, 1029 (Colo.2004); *see* § 24–4–106(7), (11)(e), C.R.S.2011. If an agency action is contrary to law, we must hold the action unlawful and remand the case for further proceedings. § 24–4–106(7), (11)(e).

In interpreting a statute, a reviewing court must determine and give effect to the intent of the legislature. *Davison,* 84 P.3d at 1029. If the language is clear, we interpret the statute according to its plain and ordinary meaning. *Id.*

### III. Removal of Time Adjustment

Section 39–1–104(10.2)(a) and (d) provides that comparative sales data "shall be adjusted to the final day of the data gathering period." When the word "shall" is used in a statute, it ordinarily creates a mandatory obligation. *Hodges v. People,* 158 P.3d 922, 926 (Colo.2007). Therefore, when assessors use comparative sales data to appraise taxable real property, the data must be adjusted for time. § 39–1–103(8), C.R.S. 2011.

The BAA failed to comply with section 39–1–104(10.2) (a) and (d) when it removed the BOE's time adjustment for the comparative data. The BAA's explanation for its action is irrelevant because adjustment for time is not discretionary, but mandatory. *See Hodges,* 158 P.3d at 926 (" 'Shall' is a word of command, denoting obligation and excluding the idea of discretion."). Accordingly, we must reverse and remand so that a time adjustment may be included.

Finally, we note that the BAA's ruling indicates that the taxpayers met their burden in challenging the assessor's valuation, but the BAA erred in reaching an alternative valuation without applying a time adjustment to the comparable sales on which it relied. On remand, the BAA is at liberty to reach an alternative time adjustment, but it is not at liberty to forgo a time adjustment altogether. The BAA may conduct another evidentiary hearing or it may remand to the BOE without making an alternative determination. *See Sampson,* 105 P.3d at 208 (when a taxpayer demonstrates that an assessment is incorrect, BAA may remand the matter for an accurate assessment by the county).

The order is reversed, and the case is remanded for further proceedings consistent with this opinion. ·

Judge ROY and Judge WEBB concur.